United States District Court
Northern District of California

1
2
3
4
5
6
7                          NOT FOR CITATION

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   IPVX PATENT HOLDINGS, INC., a          Case No.  5:13-cv-01708 HRL
     Delaware Corporation,

13              Plaintiff,                   **ORDER DENYING DEFENDANT'S
                                             MOTION TO REQUIRE PLAINTIFF TO
14         v.                                POST AN UNDERTAKING**

15                                           [Re:   Docket No. 64]

16   VOXERNET, LLC, a Delaware limited
     liability company,

17              Defendant.

18         Defendant Voxernet, LLC (Voxernet) moves in this patent infringement action for an order

19   requiring plaintiff IPVX Patent Holdings, Inc. (IPVX) to post an undertaking in the amount of

20   $749,000 to cover attorney's fees and costs that Voxernet expects to incur through claim

21   construction and early summary judgment proceedings.  IPVX opposes the motion.  After the

22   motion hearing, and with leave of court, both sides submitted supplemental briefing as to the

23   Supreme Court's decision in Octane Fitness, LLC v. ICON Health and Fitness, Inc., 134 S. Ct.

24   1749 (2014).  Upon consideration of the moving and responding papers, as well as the arguments

25   of counsel, the court denies the motion.

26         IPVX sues for alleged infringement of United States Patent No. 5,572,576, entitled

27   "Telephone Answering Device Linking Displayed Data with Recorded Audio Message" (the '576

28   patent).  The complaint originally was filed by Klausner Technologies, Inc. (Klausner) in the

1  Eastern District of Texas on March 20, 2012, and the '576 patent expired eleven days later.

2  Klausner subsequently assigned to IPVX all right, title, and interest in the '576 patent.  After

3  VoxerNet's motion to change venue was granted, the case was then transferred here and assigned

4  to this court.

5    Pointing out that IPVX has sued a host of others for alleged infringement of the '576

6  patent, Voxernet says that IPVX is a "patent assertion entity" (PAE)---more commonly (and

7  pejoratively) known as a "patent troll"---that should be required to put its money where its mouth

8  is.  Defendant claims that IPVX has been vague about its financial health and resources; and, if

9  Voxernet should prevail in this matter, defendant expresses concern that IPVX might disappear,

10  leaving defendant without recourse to recover its fees and costs.

11    The basis of Voxernet's motion is California Code of Civil Procedure § 1030, which

12  governs the state of California's practice re security for costs and attorney's fees.  There is no

13  specific federal rule governing the matter, and IPVX questions § 1030's applicability here.  But,

14  federal courts, either by rule or by case-to-case determination, follow the forum state's practice.

15  Simulnet East Associates v. Ramada Hotel Operating Co., 37 F.3d 573, 574 (9th Cir. 1994).

16  Section 1030 provides, in relevant part:

17

18    (a) When the plaintiff in an action or special proceeding resides out
  of the state, or is a foreign corporation, the defendant may at any

19    time apply to the court by noticed motion for an order requiring the
  plaintiff to file an undertaking to secure an award of costs and

20    attorney's fees which may be awarded in the action or special
  proceeding.  For the purposes of this section, "attorney's fees"
  means reasonable attorney's fees a party may be authorized to

21    recover by a statute apart from this section or by contract.

22    (b) The motion shall be made on the grounds that the plaintiff
  resides out of the state or is a foreign corporation and that there is a

23    reasonable possibility that the moving defendant will obtain
  judgment in the action or special proceeding.  The motion shall be

24    accompanied by an affidavit in support of the grounds for the
  motion and by a memorandum of points and authorities.  The

25    affidavit shall set forth the nature and amount of the costs and
  attorney's fees the defendant has incurred and expects to incur by

26    the conclusion of the action or special proceeding.

27  Cal. Code Civ. Proc. § 1030(a), (b).

28    The court declines to order IPVX to post security for attorney's fees.  As noted above, §

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    1030 requires a separate basis for fees.  Cal. Code Civ. Proc. § 1030(a).  Here, Voxernet points to

2    35 U.S.C. § 285, which provides for an award of attorney's fees to the prevailing party in

3    "exceptional cases."  Although the pre-Octane Fitness "exceptional" cases cited to this court

4    involved conduct that is considerably more egregious than that which has been presented here,

5    Voxernet points out that Octane Fitness has now rejected as "unduly rigid" the framework

6    established by Federal Circuit precedent interpreting § 285.  134 S. Ct. at 1755.  But, Section 285

7    addresses fee-shifting that occurs at the conclusion of a case.  We are not yet at that point in this

8    matter.  While Voxernet points to pending legislation that would permit courts to require a bond

9    from the outset of a patent case, that legislation has not yet passed.  And, even under Octane

10   Fitness, the court, in the exercise of its discretion, is to consider the "totality of the circumstances"

11   and determine whether a case "stands out from others with respect to the substantive strength of a

12   party's litigating position (considering both the governing law and the facts of the case) or the

13   unreasonable manner in which the case was litigated."  Id. at 1756.

14          On the record presented, IPVX appears to bear at least some of the hallmarks of a PAE, its

15   counsel being unable to identify anything about plaintiff's business aside from ownership of rights

16   in the '576 patent.  But, courts have declined to find that a party is "automatically the villain

17   simply because it brings infringement allegations against multiple defendants."  Digitech Image

18   Techs., LLC v. Newegg, Inc., No. 8:12-cv-01688-ODW (MRWx), 2013 WL 5604283 at *5 (C.D.

19   Cal., Oct. 11, 2013)).  Voxernet points out that plaintiff has propounded several discovery requests

20   that have nothing to do with this case.  Even IPVX acknowledges that these requests were cut-and-

21   paste from other litigation and not carefully vetted here.  Prudence dictates that plaintiff avoid

22   propounding irrelevant discovery requests.  These requests, however, appear to be largely the

23   result of carelessness more than anything else.

24          This leads to the court's other reason for declining to require IPVX to post a bond for fees,

25   which coincides with its reason for denying Voxernet's request for a bond to cover its anticipated

26   costs.  Unlike a § 285 fee award, to obtain a bond for costs, California Code of Civil Procedure §

27   1030 requires Voxernet to show that there is a "reasonable probability that [it] will obtain

28   judgment in the action or special proceeding."  Id. § 1030(b).  Federal district courts have inherent

3

United States District Court
Northern District of California

1    authority to require parties to post security for costs.  Simulnet East Associates, 37 F.3d at 574;

2    Civ. L.R. 65.1-1(a) ("Upon demand of any party, where authorized by law and for good cause

3    shown, the Court may require any party to furnish security for costs which can be awarded against

4    such party in an amount and on such terms as the Court deems appropriate.").  For purposes of

5    requiring an out-of-state plaintiff to post an undertaking for costs, a defendant is not required to

6    show that there is no possibility that plaintiff can win at trial, but only that it is reasonably possible

7    that defendant might win.  ISmart Int'l Ltd. v. I-Docsecure, LLC, No. C04-03114RMW, 2005 WL

8    588607 at *9 (N.D. Cal., Feb. 14, 2005).

9         Fundamentally, this appears to be a matter in which the parties simply hold strongly

10   divergent views as to the scope of the patent claims.  Both sides argue, with some degree of

11   persuasiveness, that the other's litigation positions are unsupported or contrary to rulings made by

12   a district judge in the Eastern District of Texas.  At this time, this court is unprepared to say that

13   Voxernet has demonstrated a reasonable probability that it will prevail.

14        Accordingly, Voxernet's motion is denied.  This ruling is, however, without prejudice to

15   Voxernet to bring a motion for attorney's fees under § 285, if it ultimately prevails.

16        **SO ORDERED**.

17   Dated:   June 17, 2014

18   _____

19   HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

4

5:13-cv-01708-HRL Notice has been electronically mailed to:

Daniel Adam Rozansky    drozansky@stroock.com, lacalendar@stroock.com

Hector J. Ribera    hribera@fenwick.com, emancera@fenwick.com

J. David Hadden    dhadden@fenwick.com

Kunyu L. Ching    kching@fenwick.com, bwalrod@fenwick.com

Michael Craig Saunders , II    msaunders@fenwick.com, msaunders@fenwick.com, tchow@fenwick.com

Pierre R. Yanney    pyanney@stroock.com, dchadha@stroock.com, jakim@stroock.com, jsobel@stroock.com

United States District Court
Northern District of California