UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IPVX PATENT HOLDINGS, INC., <br><br>    Plaintiff, <br><br>    v. <br><br>VOXERNET LLC., <br><br>    Defendant. | Case No. 5:13-cv-01708 HRL <br><br>**ORDER GRANTING SUMMARY JUDGMENT** <br><br>[Re: Dkt. No. 92] |

Defendant Voxernet LLC ("Voxernet") moves for summary judgment of noninfringement based on various claim construction arguments. Dkt. No. 92. Pursuant to the court's Claim Construction Order, Dkt. No. 131 ("CCO"), the court GRANTS Voxernet's motion for summary judgment of noninfringement.

**I. BACKGROUND**

    **A.    U.S. Patent No. 5,572,576**

The patented technology in the '576 Patent is explained in the CCO at pages 2-4. Briefly, the '576 Patent "relates to a telephone answering device [TAD] that displays information about messages recorded within the device and provides selective access to those messages based on the displayed information." '576 col.1 ll.16-20.

The majority of the '576 Patent's specification discusses the computer program steps that the TAD follows to (1) answer an incoming call, (2) receive the caller's identity, (3) record a

1  message from the caller, (4) associate the message with the caller's identity, and (5) display and
2  selectively playback the message. *See, e.g., id.* Fig. 11.

3  The '576 Patent also discloses a "remote access device" ("RAD") which allows a user to
4  check her messages remotely. *See id.* Figs. 13, 15. The RAD may be a cellphone, Fig. 18, or a
5  handheld electronic device, Fig. 12.

6  IPVX asserts infringement of claims 3, 4, 18, and 19. Claims 3 and 4 cover the use of the
7  remote access device, and claims 18 and 19 do not require a remote access device.

### B. Accused Product[1]

The Voxer App is a push-to-talk walkie talkie software application that is available for free download from the Apple App Store and the Android Marketplace. Dkt. No. 92-1 Panttaja Decl. ¶ 3. The Voxer App is used to send voice, text, and image messages between Voxernet users. *Id.* at ¶ 4. The Voxer App can be used on the iPhone, iPad, iPod touch, and Android devices such as smartphones and tablets. *Id.* at ¶ 3.

When a user wants to send a voice message on the Voxer App, she records a message which is saved on her device. The message is then sent to the Voxer server, where it is again saved. Finally, the message is sent to the recipient, saved on the recipient's device, and can be played back. All messages are sent asynchronously, although messages can be streamed onto the recipient device to allow for "near real-time" communication. *Id.* at ¶ 8.

## II. LEGAL STANDARD

Summary judgment is proper where the pleadings, discovery, and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559-60 (2006). Material facts are those which may affect the outcome of the

---

[1] The court describes the Voxer App as it existed on March 31, 2012, the date the '576 Patent expired. At that time, Voxernet's sole product was the Voxer App.

2

1 case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

As the Federal Circuit has noted, summary judgment of noninfringement is a two-step analysis. "First, the claims of the patent must be construed to determine their scope. Second, a determination must be made as to whether the properly construed claims read on the accused device." *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304 (Fed. Cir. 1999) (internal citation omitted). "[S]ummary judgment of non-infringement can only be granted if, after viewing the alleged facts in the light most favorable to the non-movant, there is no genuine issue whether the accused device is encompassed by the claims." *Id.* at 1304. "Whether a claim is infringed under the doctrine of equivalents may be decided on summary judgment if no reasonable jury could determine that the limitation and the element at issue are equivalent." *Zelinski v. Brunswick Corp.*, 185 F.3d 1311, 1317 (Fed. Cir. 1999) (citing *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n. 8 (1997)).

### III. ANALYSIS

Voxernet moves for summary judgment of noninfringement based on the terms "automatically answering incoming telephone calls" and "telephone answering device . . . coupled to a telephone."

These terms appear in the preambles of claims 3 and 18:

> 3. A method of **automatically answering incoming telephone calls** and storing and retrieving information from the incoming telephone calls with a **telephone answering device** having a memory and being **coupled to a telephone**, comprising the steps of: . . .

> 18. A method of **automatically answering incoming telephone calls** and storing and retrieving information from the incoming telephone calls with a **telephone answering device**, said telephone answering device having a memory and being **coupled to a telephone**, said method comprising the steps of: . . .

3

The court construed these terms as shown in the table below:

| Claim Term | Construction |
|---|---|
| Telephone answering device | An electronic device for answering an incoming telephone call made to the telephone to which the device is coupled |
| Coupled to a telephone | Connected to the telephone receiving the incoming call |
| Automatically answering incoming telephone calls | Automatically answering calls made to the telephone associated with the telephone answering device |

CCO at 19.

Because there is no dispute as to how the Voxernet App works, the court finds this matter suitable for resolution at the summary judgment stage. *See Sun Microsystems, Inc. v. Network Appliance, Inc.*, 688 F. Supp. 2d 957, 961 (N.D. Cal. 2010) ("Where the parties do not dispute any relevant facts regarding the accused product, but disagree over possible claim interpretations, the question of literal infringement collapses into claim construction and is amenable to summary judgment." (citation omitted)).

**A. The Preambles Are Limiting**

Voxernet's Motion for Summary Judgment focuses on terms found in the preambles of independent claims 3 and 18. IPVX argues that the preambles of the claims are not limiting, citing *Catalina Marketing International, Inc. v. Coolsavings.com, Inc.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005). IPVX would clearly have a much stronger infringement case if the preambles were not limiting and the invention was simply "the selective retrieval of voice message using displayed first signals." Dkt. No. 99-6 at 7.

"If the claim preamble, when read in the context of the entire claim, recites limitations of the claim, or, if the claim preamble is 'necessary to give life, meaning, and vitality' to the claim, then the claim preamble should be construed as if in the balance of the claim." *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1305 (Fed. Cir. 1999) (citation omitted). The preamble must do more than state "purpose or intended use of the invention." *Id.*

The preambles at issue here are limiting because they are necessary to describe the

4

1   complete invention and they provide antecedent basis for terms in the body of the claims. Claim 3

2   requires in full (emphasis added):

> 3. A method of **automatically answering incoming telephone calls** and storing and retrieving information from the incoming telephone calls **with a telephone answering device having a memory** and being coupled to a telephone, comprising the steps of:
>
> receiving first signals specifying each caller of **each incoming call**;
>
> receiving a voice message from each caller and storing each said received voice message as a stored voice message in **said memory**;
>
> linking each of said received first signals with a corresponding voice message;
>
> transmitting said received first signals to a user remote access device such that said first signals are available upon user demand for assisting in the selective retrieval of at least one of said stored voice messages using displayed first signals; and
>
> transmitting to a user remote access device at least one specific voice message linked to a specific one of said received first signals in response to selection of said at least one of said stored voice messages.

Without the preamble, the claim lacks antecedent basis for both "each incoming call" and "said memory," and the claim fails to describe where the incoming calls are going. In fact, the telephone answering device, which carries out the method itself, would be missing from the claim.

### B. Literal Infringement

Although Voxernet's primary arguments relate to the "telephone number" construction that the court did not adopt, Voxernet also argues that the limitation "'answering incoming telephone calls' cannot possibly be met by a system that simply receives messages, just like e-mail." Voxernet MSJ at 11. The court agrees.

IPVX's primary argument is that its invention is "directed to the selective retrieval of voice messages" or a "method for the selective retrieval of voice messages using displayed information." IPVX Opp. at 1, 2. The Voxer App does allow for selective retrieval of voice messages using displayed information, but it does not "automatically answer[ ] incoming calls" and is not "coupled to a telephone," as required by the claims. *See* Panttaja Decl. ¶ 4 ("the Voxer app [is] not in any way linked to the telephony functionality of the devices it runs on" and "[does] not

depend on any telephone capabilities of a user's mobile device").

IPVX's theory of infringement is that it can persuade a jury to find that the Voxer App is a telephone, because the meaning of telephone and telephone technology have changed over time. IPVX provides numerous examples of what constitutes a telephone, from the "traditional phone system that everyone is familiar with that involves a telephone number that follows the North American Numbering Plan (NANP) and that routes telephone calls through the Public Switched Telephone Network (PSTN)," to Voice-over IP (VoIP) telephones, to tin-can telephones. Dkt. No. 99-6 at 9. What IPVX fails to do is provide *any* evidence linking the Voxernet App to *any* system that is considered a telephone. Instead, IPVX simply asserts that "[t]o the extent the Voxer application does not fall into one of the existing categories of telephone systems, the Voxer application is simply another type of telephone system." *Id.* This attorney argument is entirely insufficient to create a material issue of fact. *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.*, 45 F.3d 1550, 1562 (Fed. Cir. 1995).[2]

By failing to establish any evidence that the Voxer App would be considered a telephone or involve telephony, IPVX has similarly failed to show that the Voxer App, or the Voxer server, "automatically answer[s] incoming telephone calls" (i.e., "automatically answer[s] calls made to the telephone associated with the telephone answering device"), or is "coupled to a telephone" (i.e. is "connected to the telephone receiving the incoming call").

**C. Infringement Under the Doctrine of Equivalents**

A device that does not literally infringe a claim may infringe under the doctrine of equivalents. *Energy Transp. Grp., Inc. v. William Demant Holding A/S*, 697 F.3d 1342, 1352 (Fed. Cir. 2012). "[A] patentee may prove that a particular claim element is met under the doctrine of equivalents . . . by showing that 'the accused product performs substantially the same function in

---

[2] Throughout its briefing IPVX argues that it is too early in the case to grant summary judgment and that it has not completed discovery. The appropriate means to raise and develop this argument is through a Rule 56(d) motion, not through scattered statements in briefing. Furthermore, the evidence necessary to defeat summary judgment—a declaration from a person of ordinary skill averring that the Voxer App would be considered a telephone—is evidence that IPVX should have secured very early in this case, if not before filing its complaint.

substantially the same way with substantially the same result' as claimed in the patent." *Id.* (quoting *Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.*, 559 F.3d 1308, 1312 (Fed. Cir. 2009)); *see also Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39-40 (1997).

A plaintiff must provide "particularized testimony and linking argument to show the equivalents" are insubstantially different. *AquaTex Indus., Inc. v. Techniche Solutions*, 479 F.3d 1320, 1329 (Fed. Cir. 2007); accord *Texas Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1566 (Fed. Cir. 1996). "Generalized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice." *Texas Instruments*, 90 F.3d at 1567. Establishing infringement under the doctrine of equivalents requires particularized testimony and linking argument as to the equivalence between the claim limitation and the alleged equivalent. *Id.*

Here, IPVX has failed to provide *any* particularized testimony and linking argument to establish that the Voxer App is equivalent to a method of "automatically answering incoming telephone calls." IPVX similarly asserts that by allowing a user to record and send a voice message Voxer App "is in reality a telephone call." Dkt. No. 99-6 at 11.

IPVX's evidence is limited to "generalized testimony as to overall similarity" between the accused products and the claims, which under well-established case law "cannot support a finding that the differences [a]re 'insubstantial.'" *Texas Instruments*, 90 F.3d at 1568; *see also AquaTex*, 479 F.3d at 1329 ("'[T]he doctrine of equivalents must be applied to individual elements of the invention, not the invention as a whole.'" (quoting *Warner- Jenkinson*, 520 U.S. at 29)).

IPVX also fails to present any evidence from one of ordinary skill in the art. *See AquaTex Indus., Inc. v. Techniche Solutions*, 479 F.3d 1320, 1321 (affirming grant of summary judgment of noninfringement where patentee "only provided lawyer argument and generalized testimony about the accused product" and failed to provide "particularized testimony from an expert or person skilled in the art that specifically addressed equivalents 'on a limitation-by-limitation basis;' explained the insubstantiality of the differences between the patented method and the accused product; or discussed the function, way, result test.").

7

1    Even putting aside IPVX's lack of evidence, the court is persuaded that the Voxer App
2 does not perform the equivalent of "automatically answering incoming telephone calls." No
3 telephone call (or its equivalent) is made within the Voxer App; the Voxer App only allows for
4 sending one-way communications. Even if Voxer App achieves "near real-time" communication,
5 arguably the same *function* as automatically answering a telephone call, it does so in a different
6 *way* (saving all communications on a server and then streaming them to a recipient) with a
7 different *result* (a series of one-way messages stored in three locations).

## IV. ORDER

For the reasons explained above, the court GRANTS Voxernet's motion for summary judgment of noninfringement.

Dated:   July 3, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE